UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DBS SOLUTIONS LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:15-CV-03875-M |
| | § | JURY DEMANDED |
| INFOVISTA CORPORATION, | § | |
| INFOVISTA S.A., IPANEMA | § | |
| TECHNOLOGIES CORPORATION, | § | |
| AND IPANEMA TECHNOLOGIES S.A. | § | |
| | § | |
|     Defendant. | § | |

**DBS SOLUTIONS LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR FORUM NON CONVENIENS AND MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendants argue that construction of the forum selection clause is "the same or substantially the same" no matter whether Texas law or French law applies.[1]  Supplemental

---

[1] In addition to the public interest arguments made in DBS's Opposition to Motion to Dismiss for Forum Non Conveniens and Under Rule 12(b)(6) ("Opposition Brief"), *see* pp. 10-11, the public interest factor concerning the law applicable to DBS's claims is another reason the Court should deny Defendants' motion to dismiss on forum non conveniens grounds.  Texas law applies to DBS's claims (which are all tort-based claims) and this Court would be more "at home" with application of that law. *See Weber v. Pact XPP Technologies, AG*, 811 F.3d 758, 776 (5th Cir.) (enumerating public interest factors, two of which relate to the applicable law governing this action).  Keeping this case in this Court also avoids unnecessary problems with conflicts of laws. The choice of law provision in the VAR – French law – cannot under any circumstances apply to DBS's tort claim as the provision is limited by contract to the governance and interpretation of the VAR. *Caton v. Leach Corp.*, 896 F.3d 939, 943 n.3 (5th Cir. 1990); *see* Defendants' Sealed Exhibit A to its Motion to Dismiss for Forum Non Conveniens and Motion to Dismiss Under Rule 12(b)(6) at 2.6.1 ("This Agreement shall be governed and interpreted by the laws of France.").  When there is no agreed upon choice of law provision as to fraud, Section 148(1) of the Restatement (Second) of Conflict of Laws provides that the law of the state where the plaintiff took action in reliance on the false representations applies if the representations were made and received in that same state unless some other state has a more significant relationship under the principles espoused in Section 6 of the Restatement (Second). *Vanderbilt Mortg. & Finance, Inc. v. Posey*, 146 S.W.3d 302, 315 (Tex. App. – Texarkana 2004, no pet.); Declaration of Jack Nash III ("Nash Decl."), ¶¶5-6 at 063-64.  Even without the presumption in Section 148(1), Texas law applies to the claim because Texas has

Brief in Support of Motion to Dismiss for Forum Non Conveniens and Motion to Dismiss Under Rule 12(b)(6) ("Supplemental Brief") at 5. In other words, according to Defendants, the interpretation of "arising out of or relating to" would be the same under French or Texas law.

In Texas, the language "arising out of or relating to" may be considered broad in scope, but it is not limitless. *See, e.g.*, *In re Ruby Tequila's Amarillo West, LLC*, 2012 WL 537812, *4 (Tex. App. – Amarillo Feb. 17, 2012, no pet. history) ("[W]hile as a general rule courts broadly construe the phrase "in connection with," . . . this breadth is not unlimited.") (citation omitted). Texas courts still require a court analyzing the enforceability of a forum selection clause containing that or similar language to determine whether the asserted claims fall within the scope of the arbitration clause. *Ruby Tequila's*, 2012 WL 537812 at *3. To make this determination, Texas courts must look to the factual allegations of the complaint and not the legal causes of action asserted. *Ford v. Nylcare Health Plans of the Gulf Coast, Inc.*, 141 F.3d 243, 250 (5th Cir. 1998) (relying on Texas law to determine whether tort claim fell within scope of arbitration clause that provided, "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof shall be settled by arbitration . . . ."); *Ruby Tequila's*, 2012 WL 537812 at *3 (examining factual allegations in determining whether scope of forum selection clause that provided, "'Any action, suit or proceeding in connection with' the Operating Agreement must be brought in a specified Delaware court" included plaintiff's claims). Under Texas law, if the claim is "'so interwoven with the contract that it could not stand alone,'" the forum clause must be enforced, but if the claim is "'completely independent

---

the most significant relationship with the occurrence and the parties. *Caton*, 896 F.3d at 943 (noting most significant relationship test applies for tort liability). *See* Opposition Brief at pp. 9-11 for description of Texas contacts.

of the contract and could be maintained without reference to a contract,'" the forum clause does not apply to the claim.[2] *Ford*, 141 F.3d at 250 (quoting *Valero Energy Corp. v. Wagner & Brown*, 777 S.W.2d 564, 566 (Tex. App. – El Paso, 1989, writ denied); *see also*, *Hearthshire Braeswood Plaza Limited Partnership v. Bill Kelly Co*, 948 S.W.2d 380, 391 (Tex. App. – Houston [14th Dist.] 1993, writ denied) (same). "Whether described as 'touch[ing] matters covered by' the agreement, . . . , a tort claim is 'related to' the agreement only if reference to the agreement is required to maintain the action. This is true notwithstanding the fact that the tort claim may implicate the agreement as a factual matter." *Ford*, 141 F.3d at 250 n.7.

The *Hearthshire Braeswood Plaza Limited Partnership v. Bill Kelly Co*. case is on point with this case. In *Hearthshire*, the plaintiff filed a claim for fraudulent inducement against an owner of property that the plaintiff alleged had induced the plaintiff into entering into two renovation contracts that required the plaintiff to finance the renovations ("Gardens contracts") by promising the plaintiff an additional renovation contract on a different property worth millions of dollars ("Landing project"). The property owner moved to compel arbitration under the Gardens contracts because those contracts contained arbitration clauses providing, "All claims or disputes between Contractor and the Owner arising out [sic] or relating to the Contract, or the breach thereof, shall be decided by arbitration . . . ." *Hearthshire*, 948 S.W.2d at 383. Holding that the fraudulent inducement claims for the Landing project could stand alone without regard to the Gardens contracts, the court denied motion to compel arbitration as to

---

[2] Texas courts have held that arbitration clauses are a category of forum selection clause and they, thus, apply the same analysis to those clauses as they do to mandatory forum clauses. *Ruby Tequila's*, 2012 WL 537812 at *3, n.8.

those claims. *Id*. at 391. The court found that because the plaintiff need not reference the Garden contracts to maintain its claims as to the Landing project, the forum selection clauses were unrelated to the plaintiff's claims. *Id.* In *Hearthshire*, the court stated:

> The contracts covering the Gardens make no reference to the Landing project and it would take a leap of logic to argue that the arbitration provisions in the contracts were meant to encompass any disputes arising out of a project not mentioned in the contract and one that had not even been fully discussed. We hold that the claims arising out of the Landing renovation project are separate and distinct from those arising out of the contracts pertaining to the Gardens. Therefore, the Landing claims do not have to be arbitrated, and [the plaintiff] may proceed with the litigation as to those claims.

Id.

The claims and allegations in this case are similarly unconnected to the VAR. Neither the purchase of the Ipanema system nor the Truck Roll were referenced in the VAR agreement. The relevant agreement between DBS and the Defendants was for the purchase by DBS of an Ipanema system at a discounted price not contained in the VAR in exchange for the award of the Truck Roll – a term also not contained in the VAR. Reference to the VAR is not necessary for DBS's claims and the VAR agreement is not mentioned or relied upon in the Second or Third Amended Complaints. Maintenance of DBS's claims does not require the interpretation of any VAR provisions and DBS's claims do not rely on any failure by the Defendants to comply with any obligations or duties under the VAR. DBS's tort claims do not rely on a breach of the VAR. *See Fridl v. Cook*, 908 S.W.2d 507, 513 (Tex. App. – El Paso 1995, writ dismissed w.o.j.) (claim unrelated to agreement when fraud claim could be pursued even if no breach of contract occurred).

The elements of DBS's fraudulent inducement claim are that (1) Defendants made a material representation about awarding the Truck Roll to DBS, (2) the representation was false, (2) Defendants knew the representation was false when it was made or Defendants made it without knowledge of its truth, (4) Defendants intended DBS to act upon the representation, (5) DBS did act upon the representation, (6) DBS was injured, and (7) Defendants had no intention of awarding DBS the Truck Roll. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47-48 (Tex. 1988). None of these elements rely, as a legal matter, on the VAR. *Ford*, 141 F.3d at 251; *Loy v. Harter*, 128 S.W.3d 397, 404-05 (Tex. App. – Texarkana 2004, two pet. denied). Indeed, they have nothing to do with the VAR and the forum clause should not be enforced.

Defendants' cases do not change this result. The courts that enforced the forum selection clauses did so primarily because the plaintiffs claims were directly related to the agreements that contained the clauses. *See, e.g., In re Int'l Profit Assoc., Inc.*, 274 S.W.3d 672, 678 (Tex. 2009) (enforced forum selection clause in contract between plaintiff and consulting firm when plaintiff's claims against consulting firm were all based on its employment of an individual recommended by the consulting firm and that recommendation "was made as an integral part of firm's consulting services"); *TGI Friday's Inc. v. Great Northwest Restaurants, Inc.*, 652 F. Supp.2d 750, 759 (N.D. Tex. 2009) (enforced forum clause in franchise agreement because plaintiffs' claims depended on whether franchise agreements were terminated properly

and what the defendants' obligations were under the franchise agreements upon their termination).[3]

The *RSR Corporation v. Siegmund* and *Smith v. Lucent Technologies, Inc* cases actually support DBS. In *RSR*, the court refused to enforce a mandatory forum selection clause because the plaintiff's claims did not relate to the agreement containing the mandatory forum provision. *RSR Corporation v. Siegmund*, 309 S.W.3d 686, 703-04 (Tex. App. – Dallas 2010, no pet.). The court instead enforced a consent to jurisdiction clause in the agreement that it determined provided the basis for plaintiff's claims. *Id*. (declining to enforce mandatory forum clause even though plaintiffs' could have brought claims under another agreement with mandatory clause based on facts pled).

Likewise, in *Smith v. Lucent Technologies, Inc.*, the court refused to enforce the forum selection clause because, after an exhaustive review of the agreements at issue as compared to the plaintiff's claims, the court determined that the plaintiff's claims did not relate to the agreement with the forum selection clause. *Smith v. Lucent Technologies, Inc*, 2004 WL 515769, **14, 17 (E.D. La. March 26, 2004) (declining to enforce mandatory forum selection clause in agreement, in part, because "(1) the plaintiff's claims did not implicate the precise contractual relationship or subject matter embodied by the agreement containing the forum selection clause; and (2) the events underlying the plaintiff's claims preceded the agreement

---

[3] The *In re Guggenheim Corp. Funding, LLC* case is a jury waiver case, in which the court concluded that the claims pled by the plaintiff related directly to the agreement containing the forum selection clause. 380 S.W.3d 879, 888-89 (Tex. App. – Houston [14th Dist.] 2012 mandamus dismissed). The court examined the factual allegations and claims in the complaint and determined that they related to the intent of the parties in executing the agreement containing the jury waiver. *Id.* The court accordingly enforced the waiver.

containing the forum selection clause."). The Lucent court concluded that the plaintiff's claims related solely to a prior agreement between the parties that did not contain a forum selection clause.

Under the relevant analysis, DBS's claims have no relationship to the VAR and, therefore, the Court should deny Defendants' motions to dismiss.

Respectfully submitted,

/s/ Jennifer J. Spencer

Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@spencerscottlaw.com
Mary L. Scott
Texas Bar No. 17906750
mscott@spencerscottlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@spencerscottlaw.com
SPENCER SCOTT pllc
5420 LBJ Freeway, Suite 300
Dallas, Texas 75240
972-548-5319 Phone
972-770-2156 Facsimile

**ATTORNEYS FOR PLAINTIFF
DBS SOLUTIONS LLC**

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 29, 2016, a true and correct copy of the foregoing document is being served via the Court's ECF system to all counsel of record.

                 */s/ Mary L. Scott*_____
                 Mary L. Scott